STATE OF MAINE
PENOBSCOT, SS.

FILED AND ENTERED
SUPERIOR COURT

JAN 0 6 2003

PENOBSCOT COUNTY

SUPERIOR COURT
Docket No. CR-02-404

JAN-PEN-1/6/2003

STATE OF MAINE

)
v.                        )        FINDINGS OF FACT
                          )     AND CONCLUSIONS OF LAW
                          )        AMENDED DECISION
                          )
Dean Lee, Jr,             )                    DONALD L. GARBRECHT
                          )                     LAW LIBRARY
        Defendant.        )

JAN 3 2003

Before this court is the State's Motion For Reconsideration and Motion For Further Findings and Conclusions. C. Daniel Wood for the State and Glen Porter for the defendant.

On November 11, 2002, this court granted the defendant's Motion to Suppress in part . The court found that the State obtained some items beyond the scope of the search warrant, namely a firearm found in a bag in a broom closet in the kitchen , marijuana seeds in an Altoid tin located in a bedroom drawer, and shotgun shells found in a bedroom drawer. The State has filed these motions and memoranda in response to the court's decision.  The defendant did not file any response to the State's motions.

The court makes the following findings and conclusions to supplement and/or supersede any findings or conclusions the court made on the record. To the extent they contradict any findings and conclusions made on the record, these findings and conclusions take precedence.

1. The search warrant described the items to be seized as " A snowmobile, including any parts or pieces,...".

2.The issuing judge refused to authorize a search for a handgun described as an American Derringer.

3.When the law enforcement officers executed the search warrant, they immediately went to the kitchen and bedroom before examining two

snowmobiles that were located on a trailer immediately adjacent to the residence of the defendant. The officers never checked the snowmobiles on the trailer to see if they were the snowmobile identified in the search warrant. The court concludes that the officers did not check out the snowmobiles because they wanted to search the residence first. If they found what they were looking for upon examining the snowmobile, then they wouldn't have had any reason for searching the residence. As it turned out, the snowmobile described in the search warrant was not one of the two snowmobiles on the trailer;however, the officers didn't know that when they entered and searched the residence.

4.One of the searching law enforcement officers looked in a broom closet located in the kitchen. He was searching for parts of the snowmobile. He saw a soft bag that he identified as a handgun bag. He felt the bag and concluded that a firearm was in the bag. He took possession of the gun. Upon seeing the gun , he recognized it as the gun that was reported to be in the snowmobile when it was stolen. The officer did not find any parts or pieces of the snowmobile in the broom closet.

5. Officers conducting the search examined the drawers of a dresser in the bedroom.They found shotgun shells and an Altoid tin that contained marijuana seeds. The officers opened the Altoid tin because they were looking for a key to the snowmobile. They didn't find any parts or pieces of the snowmobile.

6. This court finds that the officers' reasons for searching the residence was exploratory. It is not accurate to say that the search was a pre-text because they didn't know for a fact that the snowmobiles on the trailer outside the residence was not the one they were looking for. The court believes that the officers intentionally avoided finding out so that they could conduct a search of the residence.

7. The court finds and concludes that notwithstanding the officers' intentional failure to check out the snowmobiles outside, their search of the broom closet and the bedroom drawers was consistent with a search for snowmobile parts and pieces. The examination of the broom closet was a place where parts or pieces could be found. The finding of the soft handgun case and the feeling of the case to see if there was a handgun was proper under the circumstances. The soft handgun case was not a listed item on the search warrant but it was in plain view and under the plain

touch doctrine, the officer was justified in seizing it for his protection. United States v Williams, 822 F2d 1174, 1183-84(D.C.Cir. 1987)(Rev'd on other grounds).

8. Unlike the soft handgun bag, the Altoid tin does not come under the plain touch doctrine. Although the tin was in plain view, it was not a container that could reasonably contain snowmobile parts or pieces.The court does not accept the officers explanation that he was looking for a key in the Altoid tin. Since it was not a place to be searched pursuant to the search warrant, the officers were not justified in examining the contents of the tin, even though the tin was in plain view. United States v. Ross, 456 U.S. 798, 825, 102 S.Ct. 2156, 2173 (1982); United States v Donnes, 957 F2d 1430, 1438-39 (10th Cir. 1991); and U.S. v. Gray, 814 F2d 49, 51 (1st Cir. 1987)

9. The court finds and concludes that the search of the broom closet could not be justified as part of a protective sweep. There was no individualized suspicion justifying any protective sweep. The cases of Maryland v Buie, 494 U.S. 325, 324-336, 110 S.Ct. 1093, 1098-99 (1990) and United States v Daoust, 916 F2d 757, 759 (1st Cir. 1990) contain facts indicating that there was an *"objective basis for a reasonable suspicion of risk to the safety of the officers"*. There were no such facts present in this case.

CONCLUSION

Based upon the above findings and conclusions the court hereby amends its earlier decision in this case by only suppressing the marijuana seeds found in the Altoid tin. The gun that was found in the gun case in the broom closet and the shotgun shells found in the bedroom drawers are not suppressed. Even though this court believes that the law enforcement officers were not in fact looking for snowmobile parts or pieces, the law requires this court to look at the facts without reference to the motives of the law enforcement officers.The subjective motivation of the officers is immaterial to a Fourth Amendment analysis. Looking at the evidence from an objective point of view, officers armed with the search warrant issued in this case were properly on the premises and except for their opening of the Altoid tin, they properly looked in places where snowmobile parts and/or pieces could be found.

Dated: December 17, 2002

JOSEPH JABAR
JUSTICE, SUPERIOR COURT

JANUARY 6, 2003

GLEN PORTER ESQ
P O BOX 1210
BANGOR   ME   04402-1210

GREGORY CAMPBELL ASST. D.A.
97 HAMMOND STREET
BANGOR ME   04401